UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO: 1:05cv-65-M

PROGRESSIVE CASUALTY
INSURANCE COMPANY                                                          PLAINTIFF

VS.

MARY JOE FRANKLIN
TOMMY FRANKLIN                                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court upon motions by Defendant Tommy Franklin [DN 6] and Defendant Mary Joe Franklin [DN 7] to dismiss the Plaintiff Progressive Casualty Insurance Company's Petition for Declaratory Judgment. The Court has reviewed the parties' filings and the record herein and for the reasons set forth below, the Defendants' motions are **GRANTED**.

### I. FACTS

Tommy Franklin and his wife, Mary Joe Franklin, were injured in an accident on May 7, 2004, when the Polaris Ranger ATV in which they were riding was struck by an automobile driven by James R. Maxfield. Maxfield then collided with a concrete column at the end of Dale and Martha Franklin's driveway, an impact which killed Maxfield's passenger, Dorothy Maxfield.

On July 19, 2004, Mary Joe Franklin filed a complaint in Butler Circuit Court,

alleging negligence against both her husband Tommy Franklin and James Maxfield. Tommy Franklin and James Maxfield have filed cross-claims against one another in state court. In addition, the Estate of Dorothy Maxfield, filed a complaint against Tommy Franklin, James Maxfield, and Dale and Martha Franklin for the injuries and wrongful death.

On April 12, 2005, the Butler Circuit Court granted the Defendants herein, Tommy Franklin and Mary Joe Franklin, leave to file Underinsured Motorist claims against the Plaintiff, Progressive Casualty Insurance Company. On May 13, 2005, Progressive filed answers to the complaints of both Defendants in Butler Circuit Court. Later the same day, Progressive filed a Petition for Declaratory Judgment with this Court, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a) and under this Court's diversity jurisdiction, requesting that the Court declare whether Progressive's policy language excludes coverage to the Defendant's for Underinsured Motorist benefits.

The Defendants have both moved to dismiss the Plaintiff's Petition for Declaratory Judgment asking the Court to exercise its discretion and refuse to hear this case. The Court finds that the better exercise of discretion is to abstain from hearing the declaratory action and leave the parties to a determination of contracted insurance coverage in the Butler Circuit Court where the underlying case is pending.

## II. DISCUSSION

Both the Plaintiff and the Defendants addressed the question of abstention under the

Colorado River doctrine generally and to some degree the particular area of abstention in the context of cases brought under The Declaratory Judgment Act. The Court believes abstention is warranted under both the theory of discretion under The Declaratory Judgment Act and the Colorado River doctrine.

**A.     Abstention for cases brought under The Declaratory Judgment Act**

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that federal courts may "declare the rights and other legal relations of an interested party seeking such declaration, whether or not further relief is or could be sought." With the Declaratory Judgment Act, Congress created an opportunity, not a duty, to grant relief to qualifying litigants. Westfield Ins. Corp. v. Mainstream Capital Corp., 366 F. Supp. 2d 519, 521 (E.D. Mich. 2005) (quoting Scottsdale Ins. V. Roumph, 211 F.3d 964, 969 (6th Cir. 2000). The exercise of jurisdiction under the Declaratory Judgment Act is not mandatory, and "at times the better exercise of discretion favors abstention." Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942). The Sixth Circuit has held in insurance coverage diversity cases that declaratory judgment actions seeking an advance opinion on indemnity issues "should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem" because such actions "seeking an advance opinion on indemnity are seldom helpful in resolving an ongoing action in another court." Bituminous Cas. Corp. v. J & L Lumber Co., Inc., 373 F.3d 807, 812 (6th Cir. 2004) (quoting Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co., 791 F.2d 460, 463 (6th Cir. 1986). While this is not a per se rule, there are five factors to consider

3

in determining whether a case should be considered for declaratory judgment:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata';
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

Id. at 813. (citing Scottsdale Ins. Co. v. Roumph, 211 F.3d 964, 968 (6th Cir. 2000). Unless these factors clearly weigh in favor of considering the Plaintiff's Petition for Declaratory Judgment, the Court should abstain. Westfield Ins. Corp. at 522.

*1. Whether the judgment would settle the controversy.*

The Defendants both filed claims in Butler Circuit Court, seeking Underinsured Motorist benefits from Progressive, pursuant to their policy. The Plaintiff in the case at bar, Progressive, is seeking a declaration from this Court that the language of its policy excludes coverage to the Defendants for Underinsured Motorist benefits relating to the May 7, 2004, accident and that it owes the Defendants no Underinsured Motorist benefits. While a declaratory judgment from this Court would technically settle the controversy because the parties have no other claims against each other in state court, such a judgment cannot adequately settle the underlying dispute.

The Plaintiff has presented as evidence portions of the insurance policy issued to the Defendants. The Exclusions section of the Underinsured Motorist Coverage states that coverage is not provided under that part for any bodily injury sustained by any person

4

while using or occupying "any motorcycle, motorbike, motor scooter, motorized bicycle, or any other similar motorized vehicle." Progressive claims that this excludes the Defendants' Polaris ATV. Determining whether the Polaris ATV is a "motorcycle, motorbike, motor scooter, motorized bicycle, or any other similar motorized vehicle," is a matter of fact better left for the state court. Therefore, a declaratory judgment would not adequately resolve the insurance controversy.

*2. Whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue*

While entering declaratory judgment would clarify the legal relations between Progressive and the Franklins pursuant to the insurance contract, because such a determination would be fact specific, the Court believes that this determination should be left to a state court.

*3. Whether the declaratory remedy is being used for the purpose of "procedural fencing" or 'to provide an arena for a race for res judicata"*

It does not appear that the Plaintiff had an improper motive in filing for declaratory judgment. However, Plaintiff has filed in a forum other than that of the underlying action, whose determination would bind the underlying forum in its decision. Therefore it is difficult to imagine that Plaintiff filed the present action without collateral estoppel in mind. See generally Westfield Ins. Corp., 366 F. Supp. 2d at 523. Plaintiff claims that it will be "prejudiced if it is forced to litigate a simple declaratory action along with approximately [eight] different parties who all hold different claims against each other."

(Plaintiff's Opposition to Mary Joe Franklin's and Tommy Franklin's Motions to Dismiss Petition for Declaratory Judgment). Plaintiff also admits that "Butler Circuit would be considered more convenient for the Defendants while the United States District Court in Bowling Green is a more convenient forum for Progressive Casualty," without giving any reasons as to why this is the case. Id. The Plaintiff's vague assertions are not enough to convince the Court that it will be truly prejudiced if forced to raise its claim in state court.

> *4. Whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction.*

There are three additional factors to use in determining whether the exercise of federal jurisdiction in this matter will increase friction between federal and state courts:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
> (2) whether the state trial court is in a better position to evaluate those factual issues than the federal court; and
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgement action.

Bituminous Cas. Corp., 373 F.3d at 814-815 (citing Scottsdale, 211 F.3d at 968).

The determination of whether or not the Defendants' Polaris ATV is covered by the Underinsured Motorist coverage is a factual matter that would require an inquiry beyond what has been presented to this Court. It would be difficult for the Court to give a definitive ruling on the matter for this reason, and the Court believes that the state trial court is in a better position to consider this issue. In addition, this case was brought pursuant to this Court's diversity jurisdiction and "neither federal common law nor federal

statutory law apply to the substantive issues of the case." Bituminous Cas. Corp., 373 F.3d at 816. The state court is in a better position to evaluate the factual issues because they rest solely on state law and "states regulate insurance companies for the protection of their residents...state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." Westfield Ins. Corp., 366 F. Supp. 2d at 523 (citing Allstate Ins. Co. v. Mercier, 913 F.2d 273, 279 (6th Cir. 1990), *abrogated on other grounds by* Wilton v. Seven Falls Co., 515 U.S. 277, 289-90 (1995); Bituminous Cas. Corp. v. J & L Lumber Co., Inc., 373 F.3d 807, 816 (6th Cir. 2004). This fourth factor favors abstention.

  *5. Whether there is an alternative remedy which is better or more effective.*

  There is an alternative remedy available in state court. Plaintiff may elect to bring a declaratory judgment action in Butler Circuit Court. The Kentucky state law procedure for a declaration of rights is found in KRS § 418.040:

> In any action in a court of record of this commonwealth having general jurisdiction wherein it is made to appear that an actual controversy exists, the plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights, whether or not consequential relief is or could be asked.

  Therefore, the Plaintiff could have easily brought this action in Butler Circuit Court. Furthermore, as a party in the litigation pending in Butler Circuit Court, Plaintiff's claim will be adjudicated fully and effectively. The case is one dealing exclusively with state law, and there is no reason to suggest that the state court could not adequately

evaluate Plaintiff's claim.

These factors, taken together, indicate that a federal declaratory judgment is inappropriate in this case. There is no reason that this action cannot be addressed in state court. Therefore, the Court chooses to exercise its discretion and abstain from ruling on the Petition for Declaratory Judgment.

**B.     Colorado River Abstention**

The Colorado River Abstention Doctrine, disseminated in Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), allows federal courts to abstain from hearing duplicative litigation under exceptional circumstances. In determining whether to apply the Colorado River doctrine, to dismiss or stay a federal action in favor of parallel state action, courts are to consider the interests of wise judicial administration and federal-state comity. Kawecki ex rel. Marlowe v. County of Macomb, 367 F. Supp. 2d 1137, 1148 (E.D. Mich. 2005). Prior to determining whether exceptional circumstances exist to favor abstention, the Court must first evaluate whether a parallel state court proceeding exists. Hasken v. City of Louisville, 173 F.Supp. 2d 654, 659 (W.D. Ky. 2001) (quoting Crawley v. Hamilton County Com'rs, 774 F.2d 28, 31 (6th Cir. 1984); Baskin v. Bath Township Bd. Of Zoning Appeals, 15 F.3d 569, 571 (6th Cir. 1994).

While Plaintiff contends there are not parallel proceedings due to the existence of additional parties and claims in the state court action, actions are considered parallel if the parties are substantially similar and the claims arise from the same material facts. Romine v. Compuserve Corp. 160 F.3d 337, 340 (6th Cir. 1998) (quoting Nakash v. Marciano, 882

8

F.2d 1411, 1416 (9th Cir. 1989).  If the presence of additional parties or claims were to undermine the Court's determination as to whether the suits were parallel , the Colorado River Doctrine could always be avoided by utilizing simple joinder rules.  <u>Romine</u>, 160 F.3d at 340 (quoting <u>Lumen Constr., Inc. v. Brant Constr. Co. Inc.</u>, 780 F.2d 691, 695 (7th Cir.1985).  The case at bar is parallel to the action in the Butler Circuit Court.  The issue presented for a declaratory judgment is whether the terms of the Franklins' policy provided underinsured motorist coverage for this accident.  This is precisely the issue that is pending in Butler Circuit Court between the same parties as a result of the claim made by therein for underinsured motorist coverage.  Therefore the substance of the claims are identical and parallel.  <u>Id</u>.

    The Court is aware that Colorado River abstention is "a narrow exception to the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them."  <u>Kakakas v. McKeown,</u> 783 F. Supp. 1028, 1032 (E.D. Mich. 1992).  However, this case presents the rare circumstances where the balance of federal and state interests favors abstention. Specifically, to see whether the balance of interests favors abstention under the Colorado River doctrine, the court should weigh:

> (1) whether state court has assumed jurisdiction over any res or property, (2) whether federal forum is less convenient to parties, (3) avoidance of piecemeal litigation, (4) order in which jurisdiction was obtained, (5) whether state or federal law provides rule of decision (6) adequacy of state court action to protect federal plaintiff's rights, (7) relative progress of state and federal proceedings, and (8) presence or absence of concurrent jurisdiction.

Id. at 1149. Whereas the first two factors weigh in favor of the Court exercising jurisdiction, the rest of the factors tip the balance in favor of abstention.

*1. Avoidance of piecemeal litigation.*

Perhaps most telling is the danger of piecemeal litigation which was paramount in the Colorado River decision itself. Romine 160 F.3d at 341 (quoting Moses H. Cone Mem'l Hosp. V. Mercury Constr. Corp., 460 U.S. 1, 19 (1983)). Piecemeal litigation occurs when different courts litigate the same issue with potential for conflicting outcomes. Romine 160 F.3d at 341. As stated above, the same issue is presented for review before this Court as is pending in Butler Circuit Court. The potential for differing results and ineffective adjudication are substantial, thus favoring abstention.

*2. Order in which jurisdiction was obtained and adequacy of state court action to protect federal plaintiff's rights*

The proceeding in state court was instituted prior to the declaratory action before this Court. The Plaintiff in this action entered their responsive pleading in state court just prior to instituting this action. (Plaintiff's Opposition to Mary Joe Franklin's and Tommy Franklin's Motions to Dismiss Petition for Declaratory Judgment). Furthermore, substantial discovery has already commenced in the state court. (Defendant's Memorandum in Support of Motion to Dismiss). These factors also favors abstention.

*3. Whether state or federal law provides rule of decision, the presence of concurrent jurisdiction, and ability of state forum to protect Plaintiff's rights*

Here, Plaintiffs claim is entirely based upon state law. The Court has jurisdiction

based solely on diversity so state law would control in both jurisdictions.  However, as discussed above, because of the entrenched state interest in regulating insurance policy, state courts are best situated to identify and enforce their public policies.  <u>Bituminous Cas. Corp.</u>, 373 F.3d at 816.  Plaintiff argues the Butler Circuit Court proceeding would prejudice their case, but the Court fails to see how this is so.  The state court will have access to all the information available to this Court and be able to efficiently adjudicate the Plaintiff's claim. Weighing all of the factors, this Court finds Colorado River abstention is warranted in the case at bar.

### III.  CONCLUSION

For the reasons stated above, the Court finds that it is prudent to abstain from considering the Plaintiff's Petition for Declaratory Judgment.  The Defendants Motions to Dismiss the Petition for Declaratory Judgment [DN 6,7] are **GRANTED.**


cc: counsel of record